## IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

PETER TOMASELLO,
an individual,

                                                       Case No.:

     Plaintiff,

v.

FULL CIRCLE FINANCIAL
SERVICES, LLC,
a Florida limited liability company, and
AXIOM ACQUISITION VENTURES, LLC,
a Florida limited liability company,

     Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, PETER TOMASELLO ("Plaintiff"), by and through undersigned counsel, and hereby sues Defendants, FULL CIRCLE FINANCIAL SERVICES, LLC (hereinafter "FCF") and Axiom Acquisition Ventures, LLC (hereinafter "AAV") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1.     This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* (hereinafter "FDCPA"), wherein Defendants unlawfully transmitted Plaintiff's personal information to a third-party in connection with an attempt collect a consumer debt.

### JURISDICTION, PARTIES, AND VENUE

2.     This is an action for damages that exceeds $8,000.00 exclusive of attorneys' fees and costs.

1

3. Jurisdiction and venue for purposes of this action are conferred by the FCCPA and the FDCPA.

4. At all material times herein, the conduct of Defendants, complained of below, occur in Hillsborough County, Florida.

5. At all material times herein, Plaintiff is an individual residing in Hillsborough County, Florida.

6. At all material times herein, Defendants do business in Hillsborough County, Florida.

7. At all material times herein, Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

8. At all material times herein, Defendants regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

### FCCPA AND FDCPA STATUTORY STRUCTURE

9. The FCCPA is a state consumer protection statute, modeled after the federal FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

10. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector who--"uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C., § 1692a(6); Fla. Stat.

§ 559.55(5).

11.     Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

12.     For example, the FDCPA prohibits a debt collector from transmitting a debtor's personal information to a third-party. See 15 U.S.C. §1692c(b). *See also Hunstein v. Preferred Collection & Mgmt. Servs.* No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021).

13.     Similarly, Pursuant to Section 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false" Fla. Stat. § 559.72(5).

## **GENERAL ALLEGATIONS**

14.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by FCCPA and FDCPA.

15.     At all material times herein, Defendants are each a "debt collector" as defined by the FCCPA and FDCPA.

16.     At all material times herein, Defendants attempt to collect a consumer debt, including but not limited to, an underlying consumer BBVA USA account number ending in -6073 and/or -148 (hereinafter, the "Debt").

17.     At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

18.     At all material times herein, Defendants are each a "person" subject to the FCCPA. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

19.     At all material times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as a "communication" as defined by the FCCPA and FDCPA.

20.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21.     All necessary conditions precedent to the filing of this action occurred or Defendants waived the same.

## FACTUAL ALLEGATIONS

22.     On or before December 24, 2021, Defendants transmitted Plaintiff's highly sensitive and personal information to a third-party (hereinafter, "Third-Party").

23.     The highly sensitive and personal information Defendants transmitted to the Third-Party included, but was not limited to: [1] Plaintiff's name; [2] Plaintiff's address; [3] the existence of the Debt; [4] the amount of the Debt; [5] the creditor of the Debt; [6] that Plaintiff was the alleged debtor of the Debt; and [7] the Plaintiff did not pay the Debt and/or defaulted on the Debt (collectively, the "Transmitted Sensitive Information").

24.     The Third-Party, to whom Defendants transmitted Plaintiff's Transmitted Sensitive Information, compiled Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Debt.

25.     The Transmitted Sensitive Information affected Plaintiff's reputation. For example, the transmission of such information affected Plaintiff's reputation regarding the repayment of debts,

Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, Plaintiff's reputation regarding trustworthiness, and Plaintiff's reputation regarding creditworthiness.

26. Defendants' transmission of Plaintiff's Transmitted Sensitive Information to the Third-Party was a communication in connection with the collecting of the Debt.

27. On December 24, 2021, Defendants, via the Third-Party, caused a collection letter (hereinafter, "Collection Letter") to be indirectly sent to Plaintiff in an attempt to collect the Debt. A true and correct copy of the Collection Letter is attached hereto as **Exhibit A.**

28. Defendants' transmission of Plaintiff's Transmitted Sensitive Information to the Third-Party is an explicit violation of Section 1692c(b) of the FDCPA.

29. The Collection Letter contains a bar code and/or Quick Response ("QR") code, of which are indicative of Defendants' use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letter to Plaintiff.

30. For Defendants to maintain a valid consumer collection agency license with the Florida Department of State (to lawfully collect, or attempt to collect, consumer debts from Florida consumers) Defendants knew they were required to tailor their debt collection methods to follow both the FCCPA and FDCPA.

31. Defendants knew that the Transmitted Sensitive Information constituted an unlawful transmission of Plaintiff's highly sensitive and personal information in violation of section 1692c(b) of the FDCPA.

32. The Third-Party did not have any legitimate business need for the Transmitted Sensitive Information, because disclosing the Transmitted Sensitive Information to a Third Party constituted an unlawful transmission of Plaintiff's highly sensitive and personal information in violation of Section 1692c(b) of the FDCPA by Defendants. In other words, Defendants cannot argue

the Third-Party had a "legitimate business need" for Plaintiff's highly sensitive and personal information illegally disclosed without lawful justification or Plaintiff's consent.

33. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

34. The FDCPA provides for the reward of up to $1,000.00 statutory damages, actual damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

35. Plaintiff retained Undersigned Counsel to pursue this matter against Defendants, and Plaintiff is obligated to pay Undersigned Counsel reasonable attorneys' fees and costs with respect to the same.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICES –
## VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(5)

Plaintiff re-allege paragraphs one (1) through thirty-five (35) as if fully restated herein and further state as follows:

36. Pursuant to Section 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla. Stat. § 559.72(5)

37. As set forth above, Defendants unlawfully transmitted Plaintiff's highly sensitive and personal information, by and through the Transmitted Sensitive Information, to the Third-Party, whereby said transmitted information affected Plaintiff's reputation because the Third-Party

did not have any legitimate business need for unlawfully transmitted highly sensitive and personal information of Plaintiff.

38. Defendants cannot argue the Third Party had a "legitimate business need" for Plaintiff's highly sensitive and personal information illegally disclosed without lawful justification or Plaintiff's consent.

39. As a direct and proximate result of Defendants' action, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE -**
**VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692c(b)**

Plaintiff re-allege paragraphs one (1) through thirty-five (35) as if fully restated herein and further state as follows:

40. Pursuant to Section 1692c(b) of the FDCPA, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor or the attorney of the debt collector." 15 U.S.C. 1692c(b).

41. As set forth above, Defendants' transmission of Plaintiff's highly sensitive personal information to the Third-Party violates Section 1692c(b) of the FDCPA. *See Hunstein*, No. 19-14434, 2021 U.S. App., LEXIS 11648 (stating "[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication "in connection with the collection of any debt" within the meaning of §1692c(b).")

42. Accordingly, Defendants violated Section 1692c(b) of the FDCPA when it transmitted Plaintiff's highly sensitive and personal information to the Third-Party.

43.  As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Defendants declaring that Defendants violated the FCCPA;

b. Judgment against Defendants for maximum statutory damages for violations of the FCCPA;

c. Judgment against Defendants for maximum statutory damages for violations of the FDCPA;

d. Actual damages;

e. An award of attorneys' fees and costs; and

**f.** Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

/s/ *Aaron M. Swfit*
**Aaron M. Swift, Esq., FBN 0093088**
**Sean E. McEleney, Esq., FBN 125561**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Co-Counsel for Plaintiff*

~and~

**THE HUBBARD LAW FIRM, PLLC**

/s/ *James Hubbard*
**James R. Hubbard, Esq., FBN 121405**
120 E. Pine St, STE 7
Lakeland, FL 33801
Phone: (863) 617-5206
Fax: (863) 603-9677
lawofficeofjameshubbard@gmail.com
*Co-Counsel for Plaintiff*